IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. JOHNSON,

    Plaintiff,                           CV F 04 5559 REC WMW P

  vs.                                  ORDER DISMISSING SECOND
                                        AMENDED COMPLAINT
                                        WITH LEAVE TO AMEND

E. ALAMEIDA, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on second amended the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Mule Creek State Prison, brings this civil rights action against defendant correctional officials for conduct that occurred while plaintiff was housed at Pleasant Valley State Prison.

        This action stems from a disciplinary process.  Plaintiff was charged with threatening staff, and found guilty at a disciplinary hearing.   Plaintiff was assessed a loss of 30 days of credit (plaintiff does not indicate what type of credit), reduced to A2B status from A1A status.  As a result, plaintiff lost his prison job.  Plaintiff alleges that the basis for the conviction was false, that he did not indeed make any threatening statements.   Plaintiff appears to challenge

the due process afforded him at his hearing.  Though unclear from the second amended complaint, plaintiff appears to allege that the hearing officer reduced the charge, and wrote the new charge in on the charging document.  Plaintiff contends that he was denied due process in that a new disciplinary process was not initiated.

In the order dismissing the first amended complaint, plaintiff was advised that his complaint failed to state a claim for relief.  Specifically, plaintiff was informed that in order to state a cognizable due process claim, he must allege facts suggesting he was deprived of a liberty interest protected by the due process clause of the Fourteenth Amendment.  Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The first amended complaint failed to allege facts indicating that plaintiff suffered an atypical and significant hardship.

In the second amended complaint, plaintiff alleges that he was deprived of some of his property (while he was in Administrative Segregation), and was denied exercise for 11 days.  Plaintiff also suffered a loss of credits.   This temporary loss of privileges stemmed from his placement in Administrative Segregation.  The Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

A judgment in plaintiff's favor would necessarily affect the validity of the conviction, and the length of plaintiff's sentence.  Plaintiff's allegations necessarily imply the invalidity of his conviction - his claim is based upon fabricated evidence - and a judgment in his favor would result in a claim for restoration of lost credits, affecting the length of his sentence.

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme

Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

There are no allegations that plaintiff's conviction has been reversed, expunged, or otherwise invalidated. The second amended complaint must therefore be dismissed. The court will grant plaintiff a further opportunity to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   January 30, 2006          /s/  William M. Wunderlich
mmkd34                             UNITED STATES MAGISTRATE JUDGE